Mohssen v Gonzalez

2026 NY Slip Op 03300

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Fahti Mohssen, appellant,

v

Ruben Gonzalez, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2021-06396, (Index No. 510925/15)

Angela G. Iannacci, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

M. Daniel Bach, New York, NY, for appellant.

Jeanette Malaty, Glendale, NY, for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for trespass and nuisance, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 4, 2021. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court (Johnny Lee Baynes, J.) dated December 20, 2018, denying the plaintiff's motion for summary judgment on the amended complaint and granting the defendant's cross-motion for summary judgment dismissing the amended complaint.

ORDERED that the appeal is dismissed, with costs.

"It is the obligation of the appellant to assemble a proper record on appeal" (Wilmington Trust Co. v Buscemi, 207 AD3d 503, 505). "An appellant's record must contain all the relevant papers that were before the Supreme Court" (id.; see CPLR 5526). "Appeals that are not based upon complete and proper records must be dismissed" (Fitzpatrick v CSS Indus., Inc., 236 AD3d 863, 863 [internal quotation marks omitted]).

Here, after the Supreme Court denied the plaintiff's motion for summary judgment on the amended complaint and granted the defendant's cross-motion for summary judgment dismissing the amended complaint, the plaintiff moved for leave to reargue his motion and his opposition to the defendant's cross-motion. In an order dated August 4, 2021, the court, upon reargument, adhered to the prior determination denying the plaintiff's motion and granting the defendant's cross-motion. On the instant appeal, the record does not include all of the relevant papers that were before the court including a majority of the papers submitted in support of, and in opposition to, the underlying summary judgment motions. Since these omissions have rendered meaningful review of the court's order virtually impossible, the plaintiff's appeal from the order dated August 4, 2021, must be dismissed (see id. at 863-864; Wilmington Trust Co. v Buscemi, 207 AD3d at 505).

The plaintiff's remaining contentions are not properly before this Court.

IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court